**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

| | | |
|---|---|---|
| Thomas Thompson, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 9:21-cv-01145-TMC |
| | ) | |
| vs. | ) | |
| | ) | |
| South Carolina Department of | ) | **ORDER** |
| Probation, Parole, and Pardon | ) | |
| Services, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Thomas Thompson ("Plaintiff"), a state prisoner proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 1983 alleging Defendant South Carolina Department of Probation, Parole, and Pardon Services ("Defendant") his constitutional rights under the Eighth and Fourteenth Amendments. (ECF No. 1). The case was referred to a magistrate judge for all pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.). On September 3, 2021, Defendant filed a motion for summary judgment. (ECF No. 15). Consequently, the magistrate judge issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), alerting Plaintiff of the summary judgment procedures and the possible consequences if he failed to adequately respond to the motion. (ECF No. 16). Plaintiff filed his response in opposition to Defendant's motion on September 20, 2021. (ECF No. 18). Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending the court grant Defendant's motion for summary judgment. (ECF No. 20). Plaintiff filed his objections to the Report on May 2, 2022, (ECF No. 22), and this matter is now ripe for review.

## BACKGROUND

In December 1975, when he was sixteen years old, Plaintiff pled guilty to murder and was sentenced to life in prison. (ECF Nos. 1 at 2; 15-1 at 1–2; 18 at 5). At that time, an inmate serving a life sentence for murder would become eligible for parole after serving ten years. (ECF No. 15-1 at 2). Accordingly, Plaintiff made his first appearance before the Parole Board on February 6, 1985, during which the Board denied parole. (ECF Nos. 1 at 2; 15-1 at 2). Plaintiff has since appeared before the Parole Board nineteen (19) more times, most recently on February 23, 2022, and parole has been denied each time. (ECF Nos. 1 at 2; 15-1 at 2; 22 at 1). Consequently, Plaintiff initiated this action challenging the constitutionality of the Defendant's parole procedures and asserting that the Defendant's procedures violated his Eighth Amendment right to be free from cruel and unusual punishment and his Fourteenth Amendment rights to equal protection and due process. *See* (ECF No. 1). Specifically, as to his Eighth Amendment claim, Plaintiff asserts that the United States Supreme Court has issued several opinions[1] establishing new, substantive procedural rules for the sentencing and punishment of juveniles. *Id*. at 2. For relief, Plaintiff requests either injunctive or declaratory relief. *Id*.

On September 3, 2021, Defendant moved for summary judgment on the grounds that Plaintiff has failed to show how its parole procedures are unconstitutional such that Plaintiff has been subjected to cruel and unusual punishment or denied due process and equal protection. (ECF No. 15-1). In particular, Defendant argues that its procedures comply with the Supreme Court's holding in *Miller* that no juvenile may be sentenced to life without the possibility of parole, made retroactive by *Montgomery*, because Plaintiff has been provided the opportunity for parole

---

[1] Plaintiff does not identify to which Supreme Court opinions he is referring; however, in his response to Defendant's motion for summary judgment, Plaintiff discusses *Miller v. Alabama*, 567 U.S. 460 (2012); *Montgomery v. Louisiana*, 577 U.S. 190 (2016); and *Graham v. Florida*, 560 U.S. 48 (2010). *See* (ECF No. 18 at 6).

numerous times since 1985.  *See id*. at 3–4.  Further, based on the holding in *Graham* that states

are "'not required to guarantee eventual freedom to a juvenile offender convicted of a nonhomicide

crime[,]'" Defendant argues that "[i]f the Supreme Court specifically allowed for a non-homicide

juvenile offender to conceivably never be granted parole, then clearly a juvenile offender who

committed homicide may also never be granted parole."  *Id*. at 4 (quoting *Graham*, 560 U.S. at

75).

## STANDARD OF REVIEW

The recommendations set forth in the Report have no presumptive weight, and this court

remains responsible for making a final determination in this matter.  *Wimmer v. Cook*, 774 F.2d

68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)).  The court is

charged with making a *de novo* determination of those portions of the Report to which a specific

objection is made, and the court may accept, reject, modify, in whole or in part, the

recommendation of the magistrate judge or recommit the matter with instructions.  28 U.S.C. §

636(b)(1).  However, the court need only review for clear error "those portions which are not

objected to—including those portions to which only 'general and conclusory' objections have been

made[.]"  *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual

and legal—that are at the heart of the parties' dispute.'"  *Id.* at 662 n.6 (quoting *United States v.*

*One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As:*

*2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)).  On the other hand, objections

which merely restate arguments already presented to and ruled on by the magistrate judge or the

court do not constitute specific objections.  *See, e.g.*, *Howard v. Saul*, 408 F. Supp. 3d 721, 726

(D.S.C. 2019) (noting "[c]ourts will not find specific objections where parties 'merely restate word

for word or rehash the same arguments presented in their [earlier] filings'"); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment . . . do not alert the court to matters which were erroneously considered by the Magistrate Judge"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a pro se litigant, [the court] must also be mindful of [its] responsibility to construe pro se filings liberally"). This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'").

## DISCUSSION

In her Report, the magistrate judge recommended that the court grant Defendant's motion for summary judgment. (ECF No. 20 at 4–10). As to Plaintiff's Eighth Amendment claim for cruel and unusual punishment, the magistrate judge discussed the Supreme Court's recent holdings

in *Miller* and *Montgomery*. *See id.* at 5. Applying the rules set forth in *Miller* and *Montgomery*, the magistrate judge found that "Plaintiff has not alleged that he was sentenced to life without parole as a juvenile[,]" but "[r]ather, he admits he has received parole hearings [twenty][2] times since 1985." *Id.* (footnote added). The magistrate judge concluded, therefore, that "Plaintiff is not enduring the cruel and unusual punishment found in *Miller* [because] he is receiving the remedy offered in *Miller* and retroactively applied in *Montgomery*." *Id.* Additionally, with respect to Plaintiff's argument pursuant to *Graham* that he was not given a "meaningful opportunity" for release, the magistrate judge recognized that Plaintiff's position "advocate[s] for an extension of *Miller*, *Montgomery*, and *Graham* to his denials of parole[.]" *Id.* at 6. However, the magistrate judge explained as follows:

> Reading those three cases together and extending them to Plaintiff's situation assumes that (1) juvenile-specific Eighth Amendment protections extend to juvenile homicide offenders sentenced to life *with* the possibility of parole and (2) those protections extend beyond sentencing proceedings. However, the Fourth Circuit specifically "declined to go so far" in extending such protections in *Bowling*. The undersigned likewise declines to do so.

*Id.* (quoting *Bowling v. Dir., Va. Dep't of Corr.*, 920 F.3d 192, 199 (4th Cir. 2019)) (internal citations omitted) (emphasis in original). Accordingly, the magistrate judge concluded that Plaintiff has failed to show any violation of his Eighth Amendment rights and recommended the court grant Defendant summary judgment as to this claim. *Id.* at 7.

The magistrate judge then turned to Plaintiff's Fourteenth Amendment claims for violation of his due process and equal protection rights. *See id.* at 7–9. Starting with Plaintiff's due process claim, the magistrate judge correctly noted that "'a prisoner must identify a cognizable liberty

---

[2] Plaintiff's twentieth and most recent parole hearing occurred in February 2022, but Plaintiff did not make the court aware of this additional hearing until he filed his objections to the Report on May 2, 2022. *See* (ECF No. 22). Accordingly, the magistrate judge was not aware of this latest hearing at the time she issued the Report. *See* (ECF No. 20).

interest before he can demonstrate a denial of due process.'" *Id*. at 7 (quoting *Bowling*, 920 F.3d at 199). The magistrate judge found that, in this case, "Plaintiff does not elaborate on how his due process rights have been violated, nor has he identified a cognizable liberty interest." *Id*. The magistrate judge also recognized that, to the extent Plaintiff suggests the Supreme Court's holding in *Miller* triggers a liberty interest, the Fourth Circuit has not recognized any such liberty interest. *Id*. Similarly, to the extent Plaintiff claims his state-created liberty interest in his parole hearing has been violated, the magistrate judge found that Plaintiff "fail[ed] to show, or allege, that [Defendant] failed to follow proper procedural guarantees in denying his parole." *Id*. at 8. Therefore, the magistrate judge concluded that Defendant is entitled to summary judgment on Plaintiff's due process claim. *Id*. at 8–9.

Finally, as to the equal protection claim, the magistrate judge noted that the Complaint does not allege any facts suggesting that he was denied parole as a result of any intentional or purposeful discrimination. *Id*. at 9. The magistrate judge further found that, although Plaintiff appears to argue he has been denied parole while other prisoners convicted of the same crime and serving the same sentence have been released, "he has not presented any such evidence to this Court." *Id*. Thus, because Plaintiff does not allege that he is a member of a protected class or that any protected classification was improperly considered during his parole proceedings and because he has provided no evidence beyond his own conclusory statements that he has been denied parole as a result of intentional discrimination, the magistrate judge recommended that summary judgment be granted to Defendant on Plaintiff's equal protection claim as well. *Id*.

Although Plaintiff filed objections to the Report, they are non-specific, entirely unrelated to the Report, and merely restate Plaintiff's claims. *See* (ECF No. 22). In fact, Plaintiff makes no mention of the Report at all except for in the "Certificate of Service" that was attached to his

objections. *See* (ECF No. 22-1 at 1). Neither the Report nor any specific findings in the Report are mentioned in the objections themselves. *See* (ECF No. 22). Furthermore, most of Plaintiff's objections appear to merely repeat allegations and arguments raised in his Complaint and response in opposition to Defendant's motion. *Compare* (ECF No. 22), *with* (ECF Nos. 1; 18). However, restating arguments previously submitted to the court does not constitute a specific objection to the magistrate judge's Report. *See Frazier v. Wal-Mart*, CA No. 6:11-1434-MGL, 2012 WL 5381201, at *1 (D.S.C. Oct. 31, 2012). Accordingly, the court need only review the Report for clear error. *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017).

Having thoroughly reviewed the record in this case, the court finds no clear error in the magistrate judge's Report (ECF No. 20) and is aware of no reason to deviate from the Report's recommended disposition. The court, therefore, **ADOPTS** the magistrate judge's Report, *id*., and incorporates it herein. Accordingly, Defendant's motion for summary judgment (ECF No. 15) is hereby **GRANTED**.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
May 26, 2022

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.